IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TULIO RUFINO LOPEZ LOPEZ | * |
| Petitioner, | * |
| v. | * Civ. No.: MJM-26-281 |
| NIKITA BAKER, *et al.*, | * |
| Respondents. | * |

## ORDER

Petitioner Tulio Rufino Lopez Lopez ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 22, 2026. ECF No. 1. Petitioner alleges that (1) he is a citizen and national of Guatemala who has been present in the United States without inspection since 1999; and (2) U.S. Immigration & Customs Enforcement ("ICE") recently arrested Petitioner while he was on his way to work and transferred him to a holding cell in Baltimore, Maryland. ECF No. 1 at 5–6. The petition asserts that Petitioner's detention by ICE violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. *Id.* at 7–9. He seeks a bond hearing or release from custody, among other forms of relief. *Id.* at 9. The Court directed counsel for the parties to confer and file a joint status report. ECF No. 8.

On January 28, 2026, the parties filed a joint notice and status report stipulating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Sanchez-Perez v. Noem, et al.*, 26-cv-00063-MJM, ECF No. 8 and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, ECF Nos. 13, 14." ECF No. 9 at 1.

In *Sanchez-Perez*, I granted a TRO directing the respondents to make an initial determination regarding the petitioner's bond or detention and, if bond is denied, to arrange for

the petitioner to receive a bond hearing before an immigration judge. *See* Civ. No. MJM-26-63, ECF No. 8. There was no dispute that (1) Mr. Sanchez-Perez, a citizen and national of Guatemala, had been living in the United States for more than 20 years; (2) he is a father to four minor children, who have received his financial, emotional, and psychological support; and (3) he was arrested by ICE in January 2026 without a warrant, detained, and transferred to ICE Baltimore Field Office, where he was detained at the time he filed his habeas petition and motion for a TRO. At the hearing on Mr. Sanchez-Perez's TRO motion on January 12, 2026, counsel for the respondents proffered that, after Mr. Sanchez-Perez's arrest, an administrative warrant and notice to appear issued and removal proceedings were initiated. I entered the TRO upon finding a likelihood that Mr. Sanchez-Perez would succeed on the merits of his due process claim and a likelihood of irreparable harm based on the deprivation of the petitioner's liberty and his family's loss of his personal and financial support. Regarding Mr. Sanchez-Perez's due process claim, I found it likely that he would prevail in establishing that he was subject to discretionary detention under 8 U.S.C. § 1226(a) rather than mandatory detention under § 1225(b), as argued by the respondents, and that Mr. Sanchez-Perez was entitled at least to a bond hearing. In addition, I found that the balance of equities and public interest favored limited preliminary relief. I rejected the respondents' arguments that the Court lacked subject-matter jurisdiction over the petition.

In *Villanueva Funes*, Judge Chuang granted the habeas petition and ordered the respondents to arrange for the petitioner to receive a bond hearing before an immigration judge and to release the petitioner if he did not receive a bond hearing within 14 days. *See* Civ. No. TDC-25-3860, ECF Nos. 13 & 14. The court found that (1) Mr. Villanueva Funes, a citizen and national of El Salvador, had been living in the United States for more than 20 years; (2) he had no prior arrests or criminal convictions at the time of his ICE arrest; and (3) he was arrested by ICE in

November 2025 without a warrant, detained, and transferred to ICE Baltimore Field Office, where he was detained at the time he filed his habeas petition. Civ. No. TDC-25-3860, ECF No. 13 at 2. Respondents asserted that Mr. Villanueva Funes was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) because he was an inadmissible alien, and that the Court lacked jurisdiction to review his detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). *Id.* at 8. In his petition, Mr. Villanueva Funes argued that he was instead subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), which entitled him to a bond hearing, and that his detention without a bond hearing violated his Fifth Amendment right to due process. *Id.* at 8–9. Judge Chuang rejected the respondents' jurisdictional arguments, *id.* at 3–8, and found that Mr. Villanueva Funes was not subject to mandatory detention under § 1225(b), that he could only be lawfully detained under § 1226(a), and that the respondents' detention of him without a bond hearing violated his due process rights, *id.* at 8–9.

I conclude from the parties' joint stipulation comparing the instant case to *Sanchez-Perez* and *Villanueva Funes* that there is no dispute Petitioner in the instant case has been living in the United States for approximately 27 years, he was recently detained by ICE without a bond hearing, and an administrative warrant and notice to appear have issued, initiating removal proceedings. Based on these facts, this Court finds that it has subject-matter jurisdiction over the petition under 28 U.S.C. §§ 1331 and 2241, and further finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The petition for a writ of habeas corpus is GRANTED;

2. As a noncitizen who has been arrested and detained pending a decision on whether he is to be removed from the United States pursuant to 8 U.S.C. § 1226(a), Petitioner is entitled to, and shall request, a bond hearing pursuant to the regulations provided at 8 C.F.R. §§ 236.1(d), 1003.19 & 1236.1(d);

3. The bond hearing shall occur within ten days of Petitioner's request and shall be conducted pursuant to 8 U.S.C. § 1226(a) in an immigration court with jurisdiction and administrative control over Petitioner's detention;

4. Reasonable conditions of release may be imposed if bond is granted and Petitioner is released;

5. If Petitioner does not receive a bond hearing within ten days of his request, he shall be released, subject to reasonable conditions, including the requirement that he appear at a bond hearing before an immigration court with jurisdiction and administrative control over Petitioner's detention;

6. This Court shall retain jurisdiction of this matter to enforce compliance with this Order;

7. The parties shall file a joint status report no later than **February 17, 2026.**

It is so ORDERED this 2nd day of February, 2026.

                                          *[signature]*
Matthew J. Maddox
United States District Judge